1 **WO**

6 IN THE UNITED STATES DISTRICT COURT

7 FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| 9 | PNC Bank, National Association, ) | No. CV 11-596-PHX-JAT |
| 10 | Plaintiff, ) | **ORDER** |
| 11 | vs. ) | |
| 13 | David Branch; John Doe Occupant 1 ) (whose real name is John Moreau), ) | |
| 14 | Defendants. ) | |

16   On April 6, 2011, the Court issued the following Order:

>   Defendant John Doe Occupant 1, whose real name is John Moreau, ("Moreau") removed this case to Federal Court. Moreau alleges that this Court has subject matter jurisdiction based on a federal question. Specifically, Moreau alleges that jurisdiction is based on his claims of protection under the Protecting Tenants at Foreclosure Act of 2009. (Doc. 1 at 1).
>   Typically, jurisdiction must be based on the allegations of the complaint. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, n. 9 (9th Cir. 1985) ("[U]nder the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).
>   Accordingly, Defendant Moreau, as the party asserting jurisdiction, must file an amended notice of removal properly alleging federal subject matter jurisdiction. Moreau must show either that jurisdiction arises from Plaintiff's complaint, or that the Protecting Tenants at Foreclosure Act of 2009 specifically allows federal subject matter jurisdiction to be based on a defense or counterclaim (whichever way Moreau intends to "claim" the protections of the act). ...

27 Doc. 6 at 1-2.

1    Defendant Moreau timely filed an amended notice of removal and alleged that this
2 Court had jurisdiction because, "The Real Estate Settlement Procedures Act of 1974 governs
3 and preempts any state law claims that relate to a real estate settlement procedures [*sic*]
4 governed by the act." Doc. 7 at 2.  The amended notice goes on to state, "Because Plaintiff's
5 claims relate to a 'federally-related mortgage loan' as that term is defined in the Real State
6 [*sic*] Settlement Procedures Act of 1974 (12 U.S.C. § 2602), this case may be removed under
7 the 'complete preemption' doctrine." *Id.*

8    The Court has reviewed the complaint for Forcible Detainer after Trustee's Sale
9 pursuant to A.R.S. 12-1173.01 et seq. and the Court does not find any claim made under the
10 Real Estate Settlement Procedures Act.  *See* Doc. 1-2 at 25-28.  However, before the Court
11 remands this case for lack of federal subject matter jurisdiction, the Court will permit
12 Plaintiff to weigh in on the nature of the claims in the complaint.

13    Accordingly,

14    IT IS ORDERED that by May 23, 2011, Plaintiff shall respond to the amended notice
15 of removal and advise the Court whether Plaintiff is asserting a claim under any federal law.

16    IT IS FURTHER ORDERED that, if Defendant Moreau wishes to reply to Plaintiff's
17 response, Defendant Moreau shall file such reply within 10 days of when Plaintiff files its
18 response.

19    DATED this 2nd day of May, 2011.

James A. Teilborg
United States District Judge