**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PNC Bank, National Association, | No. CV 11-596-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| David Branch; John Doe Occupant 1 (whose real name is John Moreau), | |
| Defendants. | |

     The Court has reviewed the amended notice of removal, the response, and the reply, all of which were filed in response to this Court's orders which questioned this Court jurisdiction to hear this case. The Court's questions arose based on the fact that removing party, Moreau, alleged jurisdiction based on his defense to the state court Forcible Detainer action brought by Plaintiff. Specifically, Moreau argues that the Protecting Tenants at Foreclosure Act of 2009 (12 U.S.C. § 5220 (notes)) is the basis for his defense to his eviction.

     As the Court previously noted: jurisdiction must be based on the allegations of the complaint. *See Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815, n. 9 (9th Cir. 1985) ("[U]nder the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law.") (quoting *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).

In his amended notice of removal, Moreau argued two bases for jurisdiction: 1) the Real Estate Settlement Procedures Act; and 2) complete preemption by the Protecting Tenants at Foreclosure Act of 2009. The Court required Plaintiff to respond to these arguments. Plaintiff asserts that none of its claims, nor any of Moreau's defenses, are based on the Real Estate Settlement Procedures Act. The Court agrees and finds that the Real Estate Settlement Procedures Act does not provide a basis for subject matter jurisdiction.

Additionally, the Court agrees with Plaintiff that the Protecting Tenants at Foreclosure Act of 2009 did not completely preempt the jurisdiction of state courts whenever a foreclosed property is occupied by a tenant. In fact, as Plaintiff notes, the Act specifically allows State laws that are more favorable to the tenant. *See* 42 U.S.C. 1437f (2009 Amendments). Therefore, the Court finds that there is not complete preemption.

Thus, the Court concludes that there is no basis for federal subject matter jurisdiction in the case. Accordingly,

IT IS ORDERED remanding this case to Maricopa County Superior Court.

IT IS FURTHER ORDERED that Plaintiff's request for attorneys' fees is denied.

DATED this 21st day of July, 2011.

James A. Teilborg
United States District Judge